07-4199-cv
Securities and Exchange Commission v. Brightpoint, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of November, two thousand nine.

PRESENT:

> PIERRE N. LEVAL,
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

Securities and Exchange Commission,

> *Plaintiff-Appellee,*

> v.                                                    07-4199-cv

Timothy Harcharik,

> *Defendant-Appellant,*

Brightpoint, Inc., American International Group, John Delaney, Phillip Bounsall,

> *Defendants,*

United States Attorney's Office, Southern District of Indiana,

> *Intervenor.*

_____

FOR APPELLANT: Timothy C. Harcharik, pro se, Fishers, Indiana.

FOR APPELLEES: Brian G. Cartwright, General Counsel; Mark Pennington, Assistant General Counsel; Dominick V. Freda, Senior Counsel, Securities and Exchange Commission, Washington, D.C.

Appeal from a judgment of the United States District Court for the Southern District of New York (Baer, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Appellant Timothy C. Harcharik, *pro se*, appeals from a judgment of the district court, entered after a jury trial, in a civil enforcement action brought by the Securities and Exchange Commission ("SEC"). The jury found that Harcharik aided and abetted violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, and aided and abetted violations of Section 13(b)(5) of the Exchange Act, 15 U.S.C. § 78m(b)(5), and Rule 13b2-1 promulgated thereunder, 17 C.F.R. § 240.13b2-1. The district court entered final judgment against Harcharik, enjoined him from further violations of the Exchange Act, and ordered him to pay a civil penalty of $50,000.

On appeal, Harcharik principally argues that: (1) the jury verdict was incorrect, which we construe as a challenge to the sufficiency of the evidence; (2) the trial court erred in its jury instructions on the aiding and abetting charges, in failing to provide an instruction regarding the SEC's inadvert

destruction of certain documents, in limiting the investigatory testimony that Harcharik sought to read into evidence, and in prohibiting his redirect examination; and (3) the monetary penalty was excessive and punitive.

## I.   Sufficiency of the Evidence

Harcharik failed to move for judgment as a matter of law in the district court and, accordingly, he is not entitled to challenge the sufficiency of the evidence on appeal. *Rothstein v. Carriere*, 373 F.3d 275, 291 (2d Cir. 2004); *see also* Fed. R. Civ. P. 50.  While we may excuse the failure to comply with this requirement and review the claim to prevent manifest injustice, *see Rothstein*, 373 F.3d at 291, we decline to do so here, where there is ample evidence to support the verdict.

## II.  Jury Instructions and Evidentiary Issues

We review challenges to the district court's jury instructions *de novo*.  *Hudson v. New York City,* 271 F.3d 62, 67 (2d Cir. 2001).  Harcharik argues that the district court erred in not charging the jury that the scienter requirement for the aiding and abetting charges includes a showing of "extreme recklessness"; however, the district court properly instructed the jury that it must find that Harcharik knowingly provided substantial assistance to a primary violator of the Exchange Act, *see* 15 U.S.C. § 78t(e), which is in any event a more stringent standard than extreme recklessness.

Harcharik also argues that the district court gave an improper jury instruction on the primary § 10(b) violation. However, since Harcharik ultimately prevailed on the primary violation claim, any error here is harmless.

Insofar as Harcharik argues that the district court should have given a jury instruction on the SEC's destruction of documents, the district court instructed the parties to reach a stipulation on this issue and, after they apparently failed to do so, Harcharik never again raised the issue before the district court, thereby failing to preserve a challenge to the omission of a jury instruction on this issue. Fed. R. Civ. P. 51(c) ("A party who objects to. . . the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for the objection."); *Shade v. Housing Authority*, 251 F.3d 307, 312 (2d Cir. 2001). Accordingly, we review his claim for fundamental error, and find none. *Shade*, 251 F.3d at 312-13.

With respect to Harcharik's claim that the district court improperly limited the investigatory testimony that he wished to read into evidence, a review of the record indicates that Harcharik voluntarily agreed to limit this material and made no objection concerning the limits imposed by the district court. Accordingly, he has failed to preserve this claim for appeal, and we **find no plain error in the district court's actions.** See

4

**United States v. Yu-Leung, 51 F.3d 1116, 1120–21 (2d Cir. 1995).**

With respect to Harcharik's claim that the district court improperly denied him the opportunity to conduct a redirect examination, the record does not indicate that Harcharik ever requested the opportunity to perform such an examination or that the district court denied any such request. He therefore also failed to preserve this claim for appeal, and we find no plain error here. *Id.*

**III. Civil Monetary Penalty**

Harcharik argues that the $50,000 fine imposed by the district court was excessive, given his degree of involvement in the violations at issue and his inability to pay the fine. However, the district court did not abuse its discretion in ordering Harcharik to pay this fine, which was well within the permissible range prescribed by Section 21(d)(3) of the Exchange Act. 15 U.S.C. § 78u(d)(3).

We have reviewed Harcharik's remaining arguments and have determined that they lack merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

5